**21 MAG 5380**

Approved: _Thomas John Wright_____
         THOMAS JOHN WRIGHT
         Assistant United States Attorney

Before:  THE HONORABLE ROBERT W. LEHRBURGER
         United States Magistrate Judge
         Southern District of New York

- - - - - - - - - - - - - - - - - x
                                  :  **COMPLAINT**
                                  :
UNITED STATES OF AMERICA          :  Violations of
                                  :  18 U.S.C. §§ 922(g),
     - v. -                       :  924(c), and 2, and
                                  :  21 U.S.C. § 846
ARTURO SANTIAGO,                  :
                                  :  COUNTY OF OFFENSE:
               Defendant.         :  BRONX
                                  :
- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

     DAVID RODRIGUEZ, being duly sworn, deposes and says that he
is a Police Officer with the New York City Police Department
("NYPD"), and charges as follows:

### COUNT ONE

     1.   On or about May 19, 2021, in the Southern District of
New York, ARTURO SANTIAGO, the defendant, knowing he had
previously been convicted in a court of a crime punishable by
imprisonment for a term exceeding one year, knowingly did
possess a firearm, to wit, a .380-caliber Arcadia Machine & Tool
pistol, and the firearm was in and affecting interstate and
foreign commerce.

     (Title 18, United States Code, Sections 922(g)(1) and 2.)

### COUNT TWO

     2.   From at least in or about January 2019 up to and
including in or about May 2021, in the Southern District of New
York and elsewhere, ARTURO SANTIAGO, the defendant, and others
known and unknown, intentionally and knowingly did combine,
conspire, confederate, and agree together and with each other to
violate the narcotics laws of the United States.

3.    It was a part and an object of the conspiracy that ARTURO SANTIAGO, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

4.    The controlled substances that ARTURO SANTIAGO, the defendant, conspired to distribute and possess with intent to distribute were (1) one kilogram and more of mixtures and substances containing a detectable amount of heroin, and (2) 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

## COUNT THREE

5.    From at least in or about January 2019 up to and including in or about May 2021, in the Southern District of New York and elsewhere, ARTURO SANTIAGO, the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the drug trafficking crime charged in Count Two of this Complaint, knowingly did use and carry firearms, and in furtherance of such crime, did possess firearms, and did aid and abet the same.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i), and 2.)

The bases for my knowledge and for the foregoing charge are, in part, described in the following paragraphs.

6.    I have served for over four years in the NYPD, and I have been personally involved in the investigation of this matter.  This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement officers and other individuals, including certain other police officers of the NYPD, as well as my examination of reports and other records.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported in this Complaint, they are reported in substance and part, except where otherwise indicated.

7.    Based on my participation in this investigation, my conversations with other law enforcement officers, and my review

2

of reports and other records generated by other law enforcement officers, I have learned, among other things, the following, in substance and in part:

> a.    On or about May 19, 2021 at approximately 9:10 AM, I participated in executing a warrant to search 265 201st Street, Apartment C-2, Bronx County, New York (the "Subject Premises"), which the Honorable Sarah Netburn, United States Magistrate Judge for the Southern District of New York, previously issued.

> b.    Inside the kitchen of the Subject Premises, the law-enforcement personnel executing the warrant found a piece of mail addressed to ARTURO SANTIAGO, the defendant, at the Subject Premises from the New York State Department of Labor.

> c.    Inside the sole bedroom of the Subject Premises, the law-enforcement personnel executing the warrant found the following items, among other things:

>> i.    A .380-caliber Arcadia Machine & Tool pistol, which was loaded with six .380-caliber cartridges;

>> ii.    Multiple holsters for firearms;

>> iii.    Approximately 100 cartridges of at least four different calibers of ammunition;

>> iv.    Approximately 50 purple glassines containing a brown powder, which were largely packaged in bundles of approximately ten glassines held together with rubber bands;

>> v.    Approximately 440 pink glassines containing a white powder, which were largely packaged in bundles of approximately ten glassines held together with rubber bands;

>> vi.    Multiple scales covered in powder residue, which based on my training and experience are consistent with use in connection with the weighing of controlled substances for distribution; and

>> vii.    Over 20 cellphones.

8.    Based on my conversations with other law enforcement officers, and my review of reports and other records generated by other law enforcement officers, I have learned that on May 19, 2021 at approximately 9:55 AM approximately two blocks away

from the Subject Premises, other law-enforcement personnel involved in the execution of the warrant who are familiar with ARTURO SANTIAGO, the defendant, saw SANTIAGO inside a car with an expired temporary license plate, recognized him, and conducted a stop of the car, after which he was arrested.

9.    Thereafter, on May 19, 2021, I participated in a video-recorded interview of ARTURO SANTIAGO, the defendant. After being advised of his *Miranda* rights, which he waived, SANTIAGO stated, in substance and in part, the following:

    a.    SANTIAGO resides in the Subject Premises, and the sole bedroom within the Subject Premises is his bedroom.

    b.    On or about May 19, 2021 SANTIAGO possessed inside the Subject Premises a .380-caliber firearm, a quantity of ammunition, and a quantity of "dope" and "fetty".

    c.    For multiple years, SANTIAGO has distributed from the Subject Premises at least 80 bundles of "dope" and "fetty" on a daily basis to end-user customers, recently with the periodic assistance of another person. During that same approximate time period, of the bundles that SANTIAGO has distributed from the Subject Premises, approximately 90% contain fentanyl and 10% contain heroin.  During that same time period, SANTIAGO has possessed multiple firearms at the Subject Premises.

    d.    SANTAIGO was previously convicted of a crime and sentenced to a term of imprisonment in excess of one year in the 1990s.

10.  As part of my investigation of this matter, I have received information from a special agent of the Alcohol, Tobacco, Firearms, and Explosives Bureau ("ATF"), who, based on the special agent's expertise in the manufacturing of ammunition and firearms and analysis of certain photographs of the Firearm, concludes that the Firearm was not manufactured in the State of New York.

11.  Based on my conversations with other law enforcement officers, my review of reports and other records generated by other law enforcement officers, my training and experience in the identification of controlled substances and experience making arrests involving controlled substances, the appearance of the tan powder and the white powder seized from the Subject Premises, the glassine packaging of the tan powder and the white powder in bundles consisting of ten glassines seized from the Subject Premises, and the statements of ARTURO SANTIAGO, the

defendant, in substance and in part, that he distributed and possessed with intent to distribute "dope," a common term for heroin, and "fetty," a common term for fentanyl from the Subject Premises in a ratio of approximately 9:1, I believe that the tan powder consists of mixtures and substances containing a detectable amount of heroin and that the white powder consists of mixtures and substances containing a detectable amount of fentanyl.  Further, based on SANTIAGO's statements concerning the duration and volume of his distribution of "dope" and "fetty," I believe that he has distributed well over one kilogram of mixtures and substances containing heroin and well over 400 grams of mixtures and substances containing fentanyl between in or about January 2019 and in or about May 2021.

12.  As part of my investigation of this matter, I have reviewed the criminal history of ARTURO SANTIAGO, the defendant, and identified that on or about June 23, 1992 in New York State Supreme Court, Bronx County, SANTIAGO was convicted of Criminal Sale of a Controlled Substance in the Fifth Degree, in violation of New York Penal Law § 220.31, for which he was sentenced to 30 months to 60 months' imprisonment.

WHEREFORE, deponent respectfully requests that ARTURO SANTIAGO, the defendant, be imprisoned or bailed, as the case may be.

S/ by the Court with permission
_____
DAVID RODRIGUEZ
Police Officer
New York City Police Department

Sworn to by reliable electronic means this
20th day of May, 2021

_____
THE HONORABLE ROBERT W. LEHRBURGER
United States Magistrate Judge
Southern District of New York

5